RECEIVED
IN MONROE, LA

MAY 1 8 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUIS...

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ARNOLD B. CURTIS

VERSUS

WARDEN, OUACHITA CORRECTIONAL
CENTER

CIVIL ACTION NO. 10-0169

JUDGE ROBERT G. JAMES

MAG. JUDGE KAREN L. HAYES

## RULING

Petitioner Arnold B. Curtis ("Curtis") is a pre-trial detainee in the custody of the Ouachita

Parish Sheriff's Office; he is awaiting trial on felony charges pending in the Fourth Judicial District

Court. He filed the instant petition for writ of *habeas corpus* claiming that his arrest was unlawful,

the State has withheld exculpatory evidence, and that his speedy trial and due process rights have

been violated. He asks this Court to dismiss the pending state felony charges and order his

immediate release.

On March 26, 2010, Magistrate Judge Karen L. Hayes issued a Report and

Recommendation [Doc. No. 4] in which she recommended dismissal of the Petition. Objections

were due no later than April 12, 2010.

However, on April 11, 2010, Curtis mailed a letter from the Ouachita Correctional Center, in

which he states that he previously sent a letter to the Court requesting a "Time Extension on my

Habeas Corpus in the Civil Action Number 3:10 cv 169." [Doc. No. 5].

On April 21, 2010, the Court issued an Order [Doc. No. 7] in which it construed his April 11,

2010 letter as a timely motion for an extension of time to file objections to the Magistrate Judge's

Report and Recommendation. The Court granted Curtis's letter motion and extended the time for filing objections to May 6, 2010.[1]

On April 28, 2010, the Clerk of Court received a document filed by Curtis and styled "Objection to Recommendation for Failure to Exhaust State Court Remedies." [Doc. No. 10]. In his Objection, Curtis contends that he was the victim of racial profiling and again argues that he has suffered Speedy Trial Act and due process violations. Curtis attaches documents which purport to support his claims. [Doc. No. 10]. Finally, Curtis claims that he is exempt from exhausting his state court remedies because "the Honorable Marcus Clarke [sic] is sitting on the State Supreme Court Panel and He was the Original Judge presiding over this case." [Doc. No. 10, p. 7].

Also on April 28, 2010, the Clerk of Court received another document filed by Curtis and styled "Objection to Recommendation for Failing to State a Claim." [Doc. No. 11]. The Clerk of Court filed this document as supplemental objections to the Report and Recommendation. However, Curtis's second document is not an objection to the Report and Recommendation in his *habeas* case, but appears to be an objection to the Report and Recommendation issued in his separate civil rights action, *Curtis v. Toney*, Civil A. No. 09-1442. In this objection, he contends that he suffered a broken "jaw and mouth" when he was in an altercation with an inmate at the Ouachita Correctional Center. He seeks compensation from the "O.C.C. . . . to have [his] mouth

---

[1]Although this case was originally assigned to Judge Donald E. Walter, on April 21, 2010, the case was reassigned to the undersigned because Curtis had another related case pending in this Court. However, prior to receiving notice of reassignment, on April 22, 2010, Judge Walter signed a Judgment [Doc. No. 8] adopting the Report and Recommendation of the Magistrate Judge and dismissing the case. On April 23, 2010, that Judgment was vacated [Doc. No. 9] in light of the reassignment and the extension of time for Curtis to file objections.

2

fixed because the officer at the O.C.C. didn't follow procedure that caused [his] mouth to be fractured." [Doc. No. 11]. He further seeks "monetary and compensatory damage from the pain and suffering he's been enduring." *Id.*

### *Law and Analysis*

#### A.     Futility

Curtis objects to the Report and Recommendation and contends that he should be exempted from the exhaustion requirement because, in his case, exhaustion would be "futile." [Doc. 10, p. 7] His only basis for this conclusion is his statement that the Fourth Judicial District Court Judge, the Honorable Marcus R. Clark, who formerly presided over his case is now a Louisiana Supreme Court Justice.

In *Fisher v. Texas*, 169 F.3d 295 (5th Cir.1999), the Fifth Circuit recognized that "the exhaustion requirement may be excused when seeking a remedy in state court would be futile." *Id.* at 303. "The futility exception applies when . . . the highest state court has recently decided the same legal question adversely to the petitioner." *Id.* (citing *Padavich v. Thalacker*, 162 F.3d 521, 522 (8th Cir. 1998)). Put another way, exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "'[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion.'" *Dilworth v. Johnson*, 215 F.3d 497, 501 n. 3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir.1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances [,]'" and Curtis has the

3

burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir.1992)).

Curtis has not shown that his efforts to litigate his claim in the Louisiana Supreme Court would be futile based on Justice Clark's former role as district judge in his case. First, Curtis has not shown how Justice Clark's role in his case at the district level would affect a review at the Second Circuit Court of Appeals. Second, Curtis has not shown that Justice Clark's involvement in his case as a district judge would render a review by the Louisiana Supreme Court futile. All Louisiana judges and justices are subject to the Code of Judicial Conduct, and if recusal or other procedural protections are proper, the Court must assume that Justice Clark would take the appropriate steps to avoid even the appearance of impropriety. Based on the facts alleged, Curtis cannot claim exemption to the exhaustion requirement.

**B.     Civil Rights Claims**

With regard to Curtis's second April 28, 2010 objection [Doc. No. 11], the Court notes that the objection has also been properly filed in Curtis's civil rights action, *Curtis v. Toney*, Civil Action No. 09-1442. It appears that Curtis caused the confusion by listing the numbers of both his *habeas* and civil rights actions on the document. Accordingly, the Court will consider this objection [Doc. No. 11] when reviewing the Report and Recommendation and record in Civil Action No. 09-1442.

MONROE, LOUISIANA, this 17 day of May, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4